IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAWN B. MANTANI,

      Plaintiff,

v.                                                    CV 12-701 CG/RHS

PORTFOLIO RECOVERY ASSOCIATES, LLC,
GUGLIELMO & ASSOCIATES PLLC, and
PAUL D. GUGLIELMO,

      Defendants.

## ORDER DENYING MOTION FOR RECONSIDERATION

**THIS MATTER** is before the Court on *Plaintiff's 59(e) Motion to Alter or Amend Summary Judgment* ("Motion for Reconsideration"), filed on June 20, 2013, (Doc. 73); *Defendants' Response to Plaintiff's Rule 59(e) Motion to Alter or Amend Summary Judgment* ("Response"), filed on July 5, 2013, (Doc. 74); and *Plaintiff's Reply in Support of Plaintiff's Rule 59(e) Motion to Alter or Amend Summary Judgment* ("Reply"), filed on July 11, 2013, (Doc. 75).

A motion for reconsideration is "appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, it is not appropriate to revisit issues that the court has already addressed or when a party seeks to advance an argument that could have been raised in prior briefing. *See id.*

Plaintiff's Motion to Reconsider is premised on her assertion that the Court misapprehended the controlling law in this case. (Docs. 73, 75). Plaintiff argues that

1

the Court misunderstood and misapplied a provision of New Mexico's Collection Agency Regulatory Act ("CARA"), NMSA 1978 §§ 61-18A-1 to 61-18A-33.  (Docs. 73, 75). Specifically, Plaintiff contends that the Court, in finding that Defendants were not a collection agency as defined in CARA, failed to give meaning to all provisions of the statute, as required by the principles of statutory construction.  (Doc. 73 at 2).

Under CARA, a collection agency is defined as:

> (C) . . . any person engaging in business for the purpose of collecting or attempting to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, where such person is so engaged by two or more creditors.  The term also included any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. **The term does not include**:
> . . .
>> (7) *any person collecting or attempting to collect any debt owed or due or asserted to be owed or due to another to the extent such activity*:
>> . . .
>>> (c) *concerns a debt which was not in default at the time it was obtained by such person*.

NMSA 1978 § 61-18A-2(C) (emphasis added).  Plaintiff asserts that, under § 61-18A-2(C)(7)(c), a person who purchases defaulted debt from two or more creditors, and who actively collects the debt, is a collection agency.  (Doc. 73 at 3).  As Defendants point out, Plaintiff is essentially arguing that the mere presence of a provision that explicitly excludes those that collect debt that *was not* in default when obtained from the definition of collection agency necessarily means that the main definition must include anyone collecting a debt that *was* in default when obtained.  (Doc. 74 at 2).  However, the main definition contains other requirements for being a collection agency under CARA, such as collecting debts owed to another and being engaged by two or more creditors.  *See*

2

NMSA 1978 § 61-18A-2(C).  Section § 61-18A-2(C)(7)(c) excludes those who would otherwise meet the definition of collection agency; it does not necessarily provide, as Plaintiff argues, that anyone collecting debt that was in default when it was obtained is a collection agency.  The Court found that Defendant Portfolio Recovery Associates ("Portfolio") is not a collection agency because it does not collect debt for another and is not engaged by two creditors.  (Doc. 70 at 9-10).  Thus, Defendants do not fall within the primary definition of collection agency and the Court had no need to consider whether an exception to the definition applied to Defendants.  Plaintiff's claim that the Court's interpretation of
§ 61-18A-2 rendered § 61-18A-2(C)(7)(c) superfluous is meritless.

   Plaintiff also asserts that Defendant Portfolio falls within the definition of collection agency because it purchased debt from multiple creditors and, therefore, is "engaged by two or more creditors."  In support of this argument, Plaintiff states that Webster's Dictionary defines engage as "to bind, as by a promise, contract, or oath; make liable" and that, under this definition of engage, "creditors 'engage' Portfolio by contracting to sell the defaulted debt to Portfolio and Portfolio purchases the debt for the purpose of collecting the debt."  (Doc. 73 at 2).

   This argument could have been raised in *Plaintiff's Response to Defendants' Motion for Summary Judgment*, (Doc. 37), or *Plaintiff's Supplemental Response to Defendants' Motion for Summary Judgment*, (Doc. 65).  Arguments that could have been raised in prior briefing are not appropriately raised in a Motion for Reconsideration. *See Servants of Paraclete*, 204 F.3d at 1012.

As explained above, Plaintiff has not provided the Court with a basis to find that it misapprehended the controlling law.  Thus, Plaintiff's Motion for Reconsideration is **DENIED**.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE